IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MICHAEL SMITH, §
 §
    Petitioner, §
 §
v. § Civil Action No. 4:16-CV-043-O
 §
LORIE DAVIS, Director,[1] §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
 §
    Respondent. §

## **OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Michael Smith, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, Respondent.[2] After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. BACKGROUND**

On December 15, 2011, in the Criminal District Court Number Four of Tarrant County, Texas, a jury found Petitioner guilty of felony driving while intoxicated (DWI). Adm. R., Clerk's R. 76, ECF No. 14-10. The following day, the jury found the habitual-offender notice in the indictment true and assessed Petitioner's punishment at 55 years' confinement. *Id.* at 87. Petitioner appealed his conviction, but the Seventh District Court of Appeals of Texas affirmed the trial court's

---

[1]Effective May 4, 2016, Lorie Davis replaced Williams Stephens as director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Federal Rule of Civil Procedure 25(d), Davis is automatically substituted as the party of record.

[2]Petitioner filed a prior federal habeas petition challenging the same state conviction, which was dismissed for lack of prosecution. *See* Order of Dismissal & Final J., Smith v. Stephens, No. 4:15-CV-852-O, ECF Nos. 6 & 7.

judgment on November 25, 2013, and the Texas Court of Criminal Appeals refused Petitioner's pro se petition for discretionary review. *Id.,* Mem. Op. 9, ECF No. 14-4. The record does not indicate that Petitioner sought writ of certiorari. Petitioner filed a state habeas-corpus application challenging his conviction and raising the claims presented in this federal petition, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court. *Id.,* ECF Nos. 14-15. This federal habeas petition followed.

The appellate court set out the facts of the case as follows:

> Appellant was arrested after Arlington Police Department officers stopped him as he drove on Interstate 30 in heavy traffic between 4:00 and 5:00 in the afternoon. Their attention was drawn to appellant by a 911 call from another motorist, Rebecca Huff, who testified both at the suppression hearing and at trial.
>
> Huff testified at trial that at 4:15 on an afternoon in January 2011, she was driving on I-30 between Dallas and Grand Prairie, Texas. She was nearly struck from behind by a grey Chevrolet Astro Van. She watched as the van swerved in and out of traffic several times, sped up and slowed down numerous times, and nearly hit another car. She thought the driver might be intoxicated and called 911 to report what she saw.
>
> Officer Jessica Burns with the Arlington Police Department responded to the dispatch. She saw the van and Huff's car following it. Officer Burns followed the van, and also noted indicators that the driver was intoxicated, including his activating the van's right turn signal and swerving into the lane to the right then back into his previous lane; braking for no apparent reason; and driving about 40 miles per hour in a 60 mile-per-hour zone at a time when heavy traffic was moving much faster. The officer also saw a pick-up swerve to avoid the van when it started to move into the left-hand lane as the truck was passing.
>
> Burns initiated a traffic stop, believing appellant was intoxicated and had committed the offense of failing to maintain a single lane. When she approached the vehicle, she saw appellant alone in the van. She noted the odor of alcohol on appellant's breath and his bloodshot eyes. When questioned about his driving, appellant told the officer he was tired and having problems with his van.
>
> A backup officer opened the sliding door of the van and a 24-ounce beer can fell out of the van. Burns found another such can, about a quarter full, on the floor

behind the driver's seat. It was cold to the touch. Burns testified appellant balanced himself against the van while waiting for officers. Burns also administered several standard field sobriety tests, all of which appellant failed. The patrol car video was introduced into evidence at trial and shown to the jury.

Appellant was arrested and taken to the hospital. His blood was drawn and he admitted to another officer he had consumed four to six 24-ounce cans of beer that day. His blood test showed his blood alcohol concentration level was 0.24, an amount three times the level for intoxication.

*Id.*, Mem. Op. 2-3, ECF No. 14-4.

## II. ISSUES

Petitioner claims that the blood draw was illegally taken without a warrant pursuant to § 724.012(b)(3)(B) of the Texas Transportation Code,[3] without his consent, and without exigent circumstances, in violation of the Supreme Court decision in *Missouri v. McNeely* decided on April 17, 2013. 133 S. Ct. 1552 (2013) (holding that the dissipation of alcohol in the blood alone does not constitute exigent circumstances justifying a warrantless blood draw from a drunk-driving suspect). Thus, he asserts that (1) his trial counsel was ineffective by failing "to adequately litigate the Fourth Amendment violation" and (2) his appellate counsel was ineffective by failing "to adequately raise

---

[3]Under § 724.012(b)(3)(B),

(b) A peace officer shall require the taking of a specimen of the person's breath or blood under any of the following circumstances if the officer arrests the person for an offense under Chapter 49, Penal Code, involving the operation of a motor vehicle . . . and the person refuses the officer's request to submit to the taking of a specimen voluntarily:

. . .

(3) at the time of the arrest, the officer possesses or receives reliable information from a credible source that the person:

. . .

(B) on two or more occasions, has been previously convicted or placed on community supervision for an offense under Section 49.04 [DWI] . . . .

TEX. TRANSP. CODE ANN. § 724.012(b)(3)(B) (West 2011).

3

the illegal blood draw violation in the appropriate venue." Pet. 6, ECF No. 1.

### III. RULE 5 STATEMENT

Respondent does not believe that the petition is barred by successiveness, the statute of limitations, or a failure to exhaust state court remedies. (Resp't's Answer 5, ECF No. 13.)

### IV. DISCUSSION

#### A. Legal Standard for Granting Habeas Corpus Relief

A § 2254 habeas petition is governed by the heightened standard of review provided for by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established Supreme Court precedent or that is based on an unreasonable determination of the facts in light of the record before the state court. *Harrington v. Richter,* 562 U.S. 86, 100-01 (2011); 28 U.S.C. § 2254(d)(1)–(2). This standard is difficult to meet and "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Harrington*, 562 U.S. at 102.

Additionally, the statute requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams v. Taylor*, 529 U.S. 362, 399 (2000). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas-corpus application without written opinion, as in this case, it is an adjudication on the merits, which is entitled to the presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir.

1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Under these circumstances, a federal court may assume the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied. *Townsend v. Sain,* 372 U.S. 293, 314 (1963)[4]; *Catalan v. Cockrell,* 315 F.3d 491, 493 n.3 (5th Cir.2002); *Valdez v. Cockrell,* 274 F.3d 941, 948 n.11 (5th Cir. 2001). With these principles in mind, the Court addresses Petitioner's claims.

**B. Discussion**

A criminal defendant has a constitutional right to the effective assistance of counsel at trial and on a first appeal as of right. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Anders v. California*, 386 U.S. 738, 744 (1967). An ineffective assistance claim is governed by the familiar standard set forth in *Strickland v. Washington*. 466 U.S. at 668. *See also Styron v. Johnson,* 262 F.3d 438, 450 (5th Cir. 2001) (applying the *Strickland* standard to ineffective assistance claims against appellate counsel). To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Id.* at 687, 697. In applying this test, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id*. at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689.

---

[4]The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

The Supreme Court recently set out in *Harrington v. Richter* the manner in which a federal court is to consider an ineffective assistance of counsel claim raised in a habeas petition subject to AEDPA's strictures:

> The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard. Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself.

562 U.S. at 101 (quoting *Williams v. Taylor,* 529 U.S. 362, 410 (2000)). Accordingly, it is necessary only to determine whether the state courts' rejection of petitioner's ineffective assistance claims was contrary to or an objectively unreasonable application of *Strickland. Bell v. Cone,* 535 U.S. 685, 698-99 (2002); *Kittelson v. Dretke,* 426 F.3d 306, 315-17 (5th Cir. 2005); *Schaetzle v. Cockrell,* 343 F.3d 440, 443 (5th Cir. 2003).

Petitioner raised his ineffective-assistance claims in his state habeas application, and lead trial counsel responded, via affidavit, that she filed two pretrial motions to suppress challenging the constitutionality of the stop and search of Petitioner's van in an attempt to have all evidence, not just the blood draw, suppressed, that Petitioner relies on law and cases that were rendered after his trial "making his primary argument moot," and that she reviewed controlling case law on the issue as part of her decision making process. WR-83,871-01, Writ 69, ECF No. 14-16.

Under his first ground, Petitioner claims his trial counsel was ineffective by failing "to adequately litigate the Fourth Amendment violation." Pet. 6, ECF No. 1. Based on the record and

counsel's affidavit, the state habeas court found that counsel did not have the benefit of *McNeely* in 2011, and, applying the *Strickland* standard and relevant state law, entered the following legal conclusions:

> 16. *McNeely* was published in 2013.
>
> 17. Prior to *McNeely,* <u>some Texas courts</u> appear to have agreed with the State's argument here and adopted the very *per se* rule that *McNeely* rejects.
>
> 18. Applicant has failed to prove that counsel's representation was deficient because she did not make a claim that the blood draw was unconstitutional at a time when case law held that it was not.
>
> 19. Counsel's motion to suppress was proper.
>
> . . .
>
> 23. Applicant has failed to prove that counsel's representation fell below an objective standard of reasonableness.
>
> 26. Applicant has failed to show that there is a reasonable probability that, but for the alleged acts of misconduct, the result of the proceeding would be different.
>
> 27. Applicant has failed to prove that he received ineffective assistance of trial counsel.

*Id.* at 83 (emphasis in original) (citations omitted). In turn the Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court. Accordingly, absent evidence that an incorrect standard was applied, this Court may assume that the Court of Criminal Appeals applied the *Strickland* standard to the facts of the case.

Petitioner asserts that counsel, with a doctorate of jurisprudence and being well versed in both the U.S. Constitution and it's Fourth Amendment, should have recognized an obvious Fourth Amendment violation regardless of whether the state has "misinterpreted the law since its enactment." Pet'r's Objection 2, ECF No. 16. This argument is disingenuous. Trial counsel cannot be deemed

ineffective for failing to anticipate a case decided after his conviction. *United States v. Fields,* 565 F.3d 290, 296 (5th Cir. 2009). The Fifth Circuit has repeatedly held that "there is no general duty on the part of defense counsel to anticipate changes in the law." *United States v. Fields,* 565 F.3d 290, 294 (5th Cir. 2009). Rather, counsel is required to research facts and law and raise meritorious arguments based on then-existing law or precedent. *United States v. Conley,* 349 F.3d 837, 841 (5th Cir. 2003); *Green v. Johnson,* 116 F.3d 1115, 1125 (5th Cir. 1997). In this case, the warrantless blood draw was sanctioned, if not required, by state statute and then-controlling case law. Petitioner fails to rebut the presumptive correctness of the state court's factual findings with clear and convincing evidence or demonstrate that the state courts' application of *Strickland* was unreasonable. Accordingly, Petitioner is not entitled to relief under his first ground.

Under his second ground, Petitioner claims appellate counsel was ineffective by failing "to adequately raise the illegal blood draw violation in the appropriate venue." On appeal, appellate counsel raised two issues challenging (1) the sufficiency of the evidence to support Petitioner's conviction and (2) the trial court's denial of Petitioner's motion to suppress on the basis that the initial detention was not supported by reasonable suspicion. Mem. Op. 3, ECF No. 14-4. According to Petitioner, counsel's failure to raise the obvious issue concerning the constitutionality of the warrantless blood draw was deficient and resulted in the waiver of the claim on state habeas review.

The state habeas court found that because the issue of whether the blood draw was unconstitutional was not raised at trial and preserved for appeal, there was a reasonable strategic basis for appellate counsel not to raise the issue and that there was no evidence that a reasonable likelihood existed that the outcome of the appeal would have been different but for counsel's omission. WR-83,871-01, 78, ECF No. 14-16. Based on its findings, and applying the *Strickland* standard and

relevant state law, the state court entered the following legal conclusions:

> 35. An attorney is prohibited from raising claims on appeal that are not founded in the record.
>
> 36. An attorney is under an ethical obligation not to raise frivolous issues on appeal.
>
> 37. Because the issue of whether the blood draw was unconstitutional was not preserved for appeal, counsel properly did not raise the issue on direct appeal.
>
> . . .
>
> 44. There is a plausible basis in strategy for appellate counsel's actions.
>
> . . .
>
> 46. Applicant has failed to prove that his appellate attorney's representation fell below an objective standard of reasonableness.
>
> . . .
>
> 48. Applicant has failed to show that there is a reasonable probability that the result of the appellate proceeding would have been different had counsel raised additional issues on direct appeal.

*Id.* at 86 (citations omitted).

Appellate counsel is not required to raise every conceivable argument urged by his client on appeal, regardless of merit. *Smith v. Robbins,* 528 U.S. 259, 287-88 (2000). It is counsel's duty to choose among potential issues according to his judgment as to their merits and the tactical approach taken. *Jones v. Barnes,* 463 U.S. 745, 749 (1983). This Court finds nothing unreasonable in the state courts' application of *Strickland* or in the state habeas court's determination of facts in light of the evidence. Petitioner has not shown that counsel provided deficient performance simply because his claims failed on appeal. And, appellate counsel is generally not ineffective for failing to raise issues not preserved for appeal. *See Koch v. Puckett,* 907 F.2d 524, 527 (5th Cir. 1990); *United States v.*

*Simmons,* 142 F.3d 1279, 1998 WL 224564 at *2 (5th Cir. Apr. 21, 1998) (holding appellate counsel was not ineffective by failing to raise arguments waived by defendant before the district court); *Phengsengkham v. United States,* No. 2:10-CV-185, 2012 WL 3062232, at *10 (N.D. Tex. June 27, 2012), *report and recommendation adopted,* 2012 WL 3064128 (N.D. Tex. July 27, 2012); *Garrett v. Thaler,* No. 4:09-CV-624-Y, 2010 WL 4623891, at *13 (N.D.Tex. Aug. 12, 2010), *report and recommendation adopted,* 2010 WL 4623874 (N.D.Tex. Nov. 15, 2010). Petitioner fails to rebut the presumptive correctness of the state court's factual findings with clear and convincing evidence or demonstrate that the state courts' application of *Strickland* was unreasonable. Accordingly, Petitioner is not entitled to relief under his second ground.

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED. Further, because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is also DENIED.

**SO ORDERED** on this 8th day of June, 2017.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**